# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ricky S., | ) |
|     Plaintiff, | ) **ORDER DENYING MOTION FOR** |
| | ) **RECONSIDERATION** |
| v. | ) |
| | ) |
| Social Security Administration, | ) Case No.: 1:14-cv-00141 |
| | ) |
|     Defendant. | ) |

Plaintiff Ricky S. ("Plaintiff") filed a motion to reopen the above-captioned matter on January 14, 2025. (Doc. No. 33). On January 17, 2025, this court denied Plaintiff's motion. (Doc. No. 34). On May 30, 2025, Defendant Commissioner of Social Security ("Commissioner") filed a motion to reopen case and the Certified Administrative Record. (Doc. Nos. 36, 37). The Commissioner asserted Plaintiff had a right to review the 2016 decision on remand without the filing of a separate civil action, and requested the court reopen and reinstate the case so Plaintiff could make his argument that a bankruptcy discharge granted to his mother, as representative payee, absolved him of any obligation to reimburse the Social Security Administration for any overpayments made during his term of imprisonment. The court granted the motion on June 23, 2025, and ordered the parties to submit briefing detailing the overpayment, underpayment, bankruptcy discharge, and any amount that may be owed to Plaintiff or the Social Security Administration. (Doc. No. 39). Plaintiff filed a motion for requested relief and supporting brief on July 9, 2025. (Doc. Nos. 40, 42). On August 21, 2025, the Commissioner filed a response. (Doc. No. 41). On November 5, 2025, the court denied Plaintiff's motion (Doc. No. 42), finding that while Plaintiff was entitled to the $5,695.80 underpayment, he continued to have liability for the

overpayment amount even after his mother's bankruptcy discharge, and was not entitled to "full benefits" from 2004 through 2011 or interest and taxes on the benefits.

On December 12, 2025,[1] Plaintiff filed a *Motion for Reconsideration*. (Doc. No. 45). The same day, a *Notice of Appeal* was filed. (Doc. No. 46). Plaintiff requests the court reconsider its order denying the motion for requested relief based on newly discovered information he found in the Program Operations Manual System that was not available to him at the time he filed his brief. Plaintiff further makes clear that he first seeks reconsideration of the court's order, and then, if the court does not reconsider, seeks to appeal.

Because a *Notice of Appeal* has been filed, the court must address whether it retains jurisdiction to address the *Motion for Reconsideration*. "The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, except for collateral matters unrelated to the issue appealed." *Murchison v. North Dakota*, No. 1:12-CV-071, 2013 WL 57019, at *1 (D.N.D. Jan. 3, 2013). However, there is an exception in cases where certain motions are pending at the time of the appeal. *Id.* "[T]he Court retains jurisdiction over (1) motions to alter or amend the judgment, and (2) motions for relief from a judgment when such motions are pending at the time a notice of appeal is filed." *Id.*; *see also* Fed. R. App. P. 4(a)(4).

As previously noted, Plaintiff filed both the *Motion for Reconsideration* and *Notice of Appeal* on December 12, 2025. However, as Plaintiff makes clear that he first seeks reconsideration of the court's order, and then to appeal depending on this court's decision, it is appropriate for this court to treat the motion for consideration as filed prior to the notice of appeal and as such has jurisdiction to consider the *Motion for Reconsideration*.

---

[1] Plaintiff's motion is dated December 1, 2025.

2

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Accordingly, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" *Id.* The Eighth Circuit has previously held that when a motion is made in response to a final order, Federal Rules of Civil Procedure 59(e) applies. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000).

Rule 59(e) requires that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). However, as a civilly committed individual, Plaintiff may be entitled to the benefit of the prison-mailbox rule. The prison-mailbox rule is dictated by Federal Rules of Appellate Procure 4(c).[2] Therein, "[i]f an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing" and is accompanied by (1) a declaration or notarized statement setting out the date of deposit and indicating first-class postage is being prepaid; or (2) evidence showing the notice was deposited and postage was prepaid; or the court of appeals exercises discretion in permitting later filing of a declaration or notarized statement. Fed. R. App. P. 4(c)(1)(A)-(B). "The Eighth Circuit has previously had occasion to apply the prison-mailbox rule only to inmates, but the majority of circuits to consider the question have also applied it to civilly committed individuals." *Semler v. Johnson*, No. 17-CV-2822 (ECT/LIB), 2019

---

[2] "Under Eighth Circuit jurisprudence, the scope of the prison mailbox rule as set forth in Rule 4(c) has been expanded and applies to prisoners who petition for writs of habeas corpus, federal prisoners who seek relief under 28 U.S.C. § 2255, and prisoners filing notices of appeal. This Court finds that the prison mailbox rule applies in the instant context of a motion for reconsideration." *United States v. Frook*, No. 4:05-CR-677 CAS, 2008 WL 5110596, at *2 (E.D. Mo. Dec. 3, 2008), *aff'd*, 616 F.3d 773 (8th Cir. 2010) (internal citations omitted).

3

WL 5854039, at *1 (D. Minn. Nov. 8, 2019*), aff'd*, 818 F. App'x 580 (8th Cir. 2020) (collecting cases). As noted by the Eleventh Circuit Court of Appeals:

> Moreover, we see no good reason to construe the prison mailbox rule in an artificially narrow manner. Quite the contrary, the same considerations that led the Supreme Court to establish the rule in the first place – before its codification – apply in the civil-commitment context. Like those imprisoned for crimes, civilly detained *pro se* litigants frequently "cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerks receives and stamps their notices of appeal before the 30-day deadline. Simply by virtue of their confinement, *pro se* litigants "[c]onfined in an [i]nstitution,' are necessarily less able to ensure their filings' timeliness.

*Boatman v. Berreto*, 938 F.3d 1275, 1277 (11th Cir. 2019) (internal citations omitted).

As previously noted, under Rule 59(e), a motion to alter or amend judgment must be filed no later than 28 days after entry of judgment. *See* F. R. Civ. P. 59(e). Here, the Amended Clerk's Judgment was entered on November 5, 2025. (*See* Doc. No. 44). Plaintiff's motion was signed and dated December 1, 2025, but the envelope bears a postmark date of December 10, 2025, and was filed on December 12, 2025. (*See* Doc. No. 45). Under the prisoner-mailbox rule, a pleading is deemed timely upon deposit in the institution's mailing system on or before the last day for filing. However, the record does not reveal the date Plaintiff deposited the pleading in the system, only the date he signed it, the postmark date, and the date of filing are available. Plaintiff also did not provide a declaration or notarized statement, and while Plaintiff arguably provided evidence of the deposit and prepayment of postage through the envelope's postmark, the postmark is outside of the window to be considered timely under Rule 59(e). Accordingly, the court is not convinced Plaintiff met the prisoner-mailbox rule requirements.

Even if the court were to determine Plaintiff's motion was timely under the prisoner-mailbox rule, the court still would decline to grant the motion. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.'" *Murchison v. North*

4

*Dakota*, No. 1:12-CV-071, 2013 WL 57019, at *2 (D.N.D. Jan. 3, 2013) (quoting *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5 (2008)); *see also SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (quoting *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015) ("The scope of the motion for reconsideration is critical in our determination…. A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending.")). A motion for reconsideration also cannot be used to introduce new evidence that could have been produced during the pendency of the motion. *See Julianello*, 791 F.3d at 922.

      Here, Plaintiff attempts to argue that the court should reconsider its prior order based on newly discovered evidence he found in the Programs Operations Manual System ("POMS") that was not available to him at the time he filed his brief. Plaintiff specifically points to the Representative Payee Liability section of POMS GN 022205.007(B), arguing that his mother, Linda S., as his representative payee, had primary liability as she did not use the benefits for the support and maintenance of Plaintiff, the beneficiary. Plaintiff further argues that the Commissioner did not say that Linda S. used the money for Plaintiff or Plaintiff otherwise had access to the benefits, nor did the court say something similar in its order. (Doc. No. 45 at 2).

      After review of Plaintiff's motion, the court finds there is no justification for granting the *Motion for Reconsideration*. Plaintiff has not presented a reason why the court should provide him with relief under Rule 59(e) beyond asserting he has evidence to prove the information found in the POMS was not available to him at the time he filed his brief, his citation to the POMS, the fact the Commissioner and this court did not directly state Linda S. used the money for Plaintiff or Plaintiff had access to the benefits, and his allegations that his mother misused the benefits. The court is not inclined to find information presented in the POMS constitutes new evidence. Such

information is publicly available, and Plaintiff had the opportunity to make such an argument prior to the entry of judgment but did not. "Rule 59(e) is not designed to provide an avenue for a disappointed plaintiff to relitigate old matters." *Murchison*, 2013 WL 57019, at *2.

Defendant's *Motion for Reconsideration* (Doc. No. 45) is **DENIED**. This court certifies that an appeal from the denial of this action, or the denial of the motion for reconsideration, may not be taken *in forma pauperis* as such an appeal would be frivolous and cannot be taken in good faith.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
